IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Appellee, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2084 |
| | § | CRIMINAL NUMBER H-13-338-07 |
| EDMUNDO REYES a/k/a MUNDO, a/k/a | § | |
| BOSSMAN, Reg. No. 65869-179, | § | |
| | § | |
| Defendant/Appellant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Edmundo Reyes, has filed a Motion Under 28 U.S.C. § 22554 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 369 in Crim. No. H-13-338)[1] and a Supporting Memorandum of Law to Vacate, Set Aside, or Correct a Sentence 28 U.S.C. 2255 (Docket Entry No. 370), to which the United States has filed its Response to § 2255 Motion (Docket Entry No. 404).

In his solo ground for relief Reyes claims that his attorney was ineffective because he did not file a notice of appeal. The court previously found that Reyes had "established excusable neglect and good cause . . . for the untimely filing of his notice of appeal on December 9, 2014." (March 25, 2015, Order, Docket Entry No. 351) On April 23, 2015, the Fifth Circuit dismissed

---

[1]All docket entry references are to Criminal No. H-13-338.

Reyes' appeal because of his failure to pay the docketing fee and order transcripts (Docket Entry No. 361). As explained in greater detail in the United States' Response, the record establishes that Reyes was not aware of these procedural requirements.

The court concludes that Reyes' pending motion should be granted because he did not receive effective assistance of counsel in perfecting his appeal. Pursuant to the court's October 5, 2015, Order (Docket Entry No. 405), an attorney has been appointed to represent Reyes on appeal. "Since the 1960s, [the Fifth Circuit], pursuant to a § 2255 motion, has permitted an out-of-time appeal when a defendant was denied assistance of counsel on appeal, through counsel's failure to perfect an appeal." United States v. West, 240 F.3d 456, 459 (5th Cir. 2001). However, the statutory remedy provided by § 2255 requires the court to vacate the criminal judgment and either discharge the prisoner, resentence him, correct the sentence, or grant a new trial. Therefore, in choosing the "judicial remedy" of granting leave to file an out-of-time appeal, "the court must deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in substance." Id.

Accordingly, Reyes' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 369) is **DISMISSED WITHOUT PREJUDICE**; but Reyes is **GRANTED LEAVE TO FILE AN OUT-OF-TIME APPEAL**. In order for the appellate court to have jurisdiction over Reyes' appeal this court

must first reinstate Reyes' judgment of conviction in his criminal case to trigger the running of a new appeal period under Fed. R. App. P. 4(b). The Clerk is therefore **ORDERED** to (1) reinstate Criminal Case No. 13-338-07 on this court's docket as to Edmundo Reyes only, (2) reenter Reyes' Judgment in a Criminal Case (Docket Entry No. 286) as of the date of this Memorandum Opinion and Order, and (3) enter a notice of appeal on Reyes' behalf.

**SIGNED** at Houston, Texas, on this 13th day of October, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE