IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA, §
§
            Plaintiff, §
§
v. §     CRIMINAL NUMBER H-13-338-07
§
EDMUNDO REYES a/k/a Mundo, §
a/k/a Bossman, §
§
            Defendant. §

## MEMORANDUM OPINION AND ORDER

Defendant, Edmundo Reyes, has filed Defendant's Motion to Reduce Sentence Under Residual Clause of the Armed Career and Career Offender Under 18 U.S.C. § 3582(c) Modified Sentence Under Welch v. United States, 136 S. Ct. 790, 193 L. Ed. 2d 534, (U.S., 2016) Retroactive April 18th, 2016 and Johnson v. United States, 135 S. Ct. 2551 (2015) (Docket Entry No. 427), to which the government has filed its Response to Defendant's Motion for Sentence Reduction Under Title 18, United States Code, § 43582(c)(2) (Docket Entry No. 440).

On July 1, 2014, defendant pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii); and on

November 7, 2014, petitioner was sentenced to a below-guideline sentence of 360 months in prison and five years of supervised release based upon defendant's motion for a downward variance, to which the government did not object (Judgment in a Criminal Case, Docket Entry Nos. 286 and 410). On May 19, 2016, Reyes' appeal was dismissed (Order of United States Court of Appeals, Docket Entry No. 426).

Reyes argues that he is entitled to relief under two recent decisions of the United States Supreme Court. In Johnson v. United States, 135 S. Ct. 2551 (2015), the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), for purposes of sentence enhancement for a felon's possession of a firearm was unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that its decision in Johnson announced a substantive rule that applied retroactively on collateral review.

Reyes' sentence was not based on the ACCA, and the ACCA did not affect his advisory sentencing guideline range. (Neither his guideline range nor his sentence was affected by 18 U.S.C. § 16, which defines a "crime of violence.") The court therefore concludes that Reyes is not entitled to relief under § 3582(c).

To the extent that Reyes may also be arguing that he is entitled to relief based on Amendment 782 to the Sentencing Guidelines, he fares no better. Were the court to reduce his

offense level by two levels, his offense level would be 41 instead of 43, and his advisory guideline range would be 360 months to life in prison. Since the court sentenced Reyes at the low end of that advisory guideline range, and would not now vary downward from 360 months, Reyes is not entitled to relief under § 3582(c).

Accordingly, Defendant Edmundo Reyes' Motion to Reduce Sentence Under Residual Clause of the Armed Career and Career Offender Under 18 U.S.C. § 3582(c) Modified Sentence Under <u>Welch v. United States</u>, 136 S. Ct. 790, 193 L. Ed. 2d 534, (U.S., 2016) Retroactive April 18th, 2016 and <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) (Docket Entry No. 427) is **DENIED**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Edmundo Reyes and to the United States Attorney for the Southern District of Texas.

**SIGNED** at Houston, Texas, on this the 9th day of March, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE